**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MASSACHUSETTS CONNECTION, INC., | : | |
| Plaintiff | : | |
| | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 3:05 CV 485 (MRK) |
| | : | |
| CITY OF HARTFORD, ET AL., | : | |
| Defendants | : | |

**RULING AND ORDER**

Plaintiff filed this diversity action against a number of defendants on March 21, 2005.

*See* Complaint & Action for a Declaratory Judgment [doc. # 1].  On May 17, 2005, Defendant

Wachovia Bank, N.A. timely moved to dismiss the action for lack of subject matter jurisdiction

because there was not complete diversity among the parties. *See* Motion to Dismiss Pursuant to

Fed. R. Civ. P. 12(b)(1) [doc. # 5].  Thereafter, on June 15, 2005, Wachovia filed a motion under

Rule 11 to impose sanctions on Plaintiff and its attorney, Jerry V. Leaphart, because "plaintiff's

invocation of diversity jurisdiction was wholly unsupported at law and in fact, because, on the

face of the Complaint itself, complete diversity between the parties is lacking."  Motion for

Sanctions Pursuant to Fed. R. Civ. P. 11 [doc. # 8], at 1.

Approximately one week later – on June 22, 2005 – Plaintiff moved to withdraw the case

on the ground that the Court lacked jurisdiction "because complete diversity does not exist."

Motion to Withdraw Case [doc. # 14], at 1.  On June 23, 2005, this Court granted Plaintiff's

Motion to Withdraw and denied Wachovia's Motion to Dismiss as moot, but retained jurisdiction

1

over Wachovia's Motion for Sanctions and issued an order to show cause why sanctions should

not be imposed.  Order [doc. # 15].  *See Bryant v. Britt*, ___ F.3d ____, No. 04-4669-CV, 2005

WL 2007881, at *2 (2d Cir. Aug. 23, 2005) (explaining that a district court "has jurisdiction to

impose sanctions under Rule 11 [even] after a case has been voluntarily dismissed pursuant to

Fed. R. Civ. P. 41(a)(1)" (citing *Cooter & Gell v. Hartmarx*, 496 U.S. 384, 395-96 (1990))).  The

Court gave both parties ample opportunity to brief Wachovia's Motion for Sanctions and to

submit affidavits in opposition to and in support of the motion.[1]  The Court also gave the parties

the opportunity to make oral argument on the motion during an on-the-record telephonic

argument on August 12, 2005.  Having considered the parties' arguments, the Court DENIES

Wachovia's Motion for Sanctions.

In denying Wachovia's motion, the Court does not in any way exonerate Mr. Leaphart or

approve of his handling of this case.  To the contrary, as he conceded in his Motion to Withdraw

Case, there was no basis for asserting diversity jurisdiction in this case, as was plainly evident

from the face of the Complaint itself.  In the circumstances, there is no non-frivolous argument

for jurisdiction in this case, and Mr. Leaphart should have known that, even if his client did not.

Therefore, Mr. Leaphart (though not his client) would have been exposed to sanctions under Rule

11 had he not voluntarily withdrawn the action.

Rule 11 was substantially amended in 1993, and one such amendment created what is

known as a "safe harbor."  Under Rule 11(c)(1)(A), a motion for sanctions must be served first

on the offending  party, which then has at least 21 days within which to withdraw the challenged

---

[1]  *See* Plaintiff's Response re Motion for Sanctions [doc. # 17]; Wachovia's Response re Motion for Sanctions [doc. # 18]; Affidavit re Response for Sanctions [doc. # 20]; Reply to Affidavit of Sally Pitcher [doc. # 21].

pleading.  The movant may file its motion for sanctions with the court if and only if the offending party has refused to withdraw the challenged pleading after the expiration of 21 days. In effect, the safe harbor provision gives an offending party an easy means to avoid sanctions by simply withdrawing the challenged pleading within the 21-day safe harbor period.   "[T]he procedural requirements of the Rule 11 safe harbor provision are designed to protect the person against whom sanctions are sought and forestall unnecessary motion practice . . . ."  5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §1337.2, at 723 (3d. ed. 2004).

In this case, Plaintiff did withdraw the challenged pleading.  However, Wachovia says Plaintiff did not do so within the 21 days provided by Rule 11(c)(1)(A).   Technically, that is true.  However, the Court concludes that Mr. Leaphart's efforts to withdraw the case complied with the spirit of the safe harbor provision.  Here's why.

Wachovia served its sanctions motion by mail on May 17, 2005  Under Rule 6 of the *Federal Rules of Civil Procedure*, in computing any period of time prescribed by the rules, the day of the act or event is excluded, Fed. R. Civ. P. 6(a), and if a motion is mailed, "3 days shall be added to the prescribed period," Fed. R. Civ. P. 6(e).  Therefore, to avoid sanctions under the safe harbor provision, Plaintiff was required to withdraw the case by June 10, 2005.  That is precisely what Mr. Leaphart tried to do.  For on June 8, Mr. Leaphart's office mailed a copy of the withdrawal motion to the District Court and at the same time served copies on all parties.  *See* Affidavit of Sally Pitcher [doc. # 20] ("Pitcher Affidavit") at ¶ 10(a) & Exhibit A.   Wachovia's counsel received a copy of the withdrawal motion on June 10, as did the District Court.

Unfortunately, however, Mr. Leaphart's office filed the withdrawal motion in the Clerk's Office in Hartford, rather than in the New Haven Clerk's Office, as is required when, as here, the

case has been assigned to a judge who sits in New Haven.  As a consequence, by letter dated

June 10, the Clerk's Office returned the un-docketed withdrawal motion to Mr. Leaphart's office.

*Id.* Exhibit B.  At that point, Mr. Leaphart should have promptly re-filed the motion in the

appropriate seat of court.  Had he done so, all of this briefing and wrangling could have been

avoided.

  Regrettably, that did not happen.  When Wachovia's counsel discovered on June 13 that

the withdrawal motion had still not been re-filed, he called Mr. Leaphart's office and spoke with

Mr. Leaphart's assistant, who assured Wachovia's counsel that the withdrawal motion would be

re-filed that day or the next.  Reply to Affidavit of Sally Pitcher [doc. # 21], at 4.  It was not.

Instead, Mr. Leaphart's office waited until June 15 to mail the withdrawal for filing with the New

Haven Clerk's Office.   Pitcher Affidavit at ¶ 10(b).  Once again, Wachovia's counsel received a

copy of the motion.  And once again the Clerk's Office rejected the filing, this time because it

was not e-filed properly.  *Id.* at ¶ 10(c).  In obvious frustration, Wachovia's counsel – who had

been trying without success to speak with Mr. Leaphart to discuss when he intended to re-file the

withdrawal – wrote to Mr. Leaphart on June 15, informing him that since no withdrawal had yet

been docketed, he was now going to file his sanctions motions, which was in fact filed with the

Court on June 15.  *Id.* Exhibit C.  About one week later, on June 22, a proper withdrawal was

finally docketed by the New Haven Clerk's Office.

  There is certainly no excuse for Mr. Leaphart's failure to communicate with Wachovia's

counsel or for his office's failure properly to file the withdrawal motion.  More to the point,

however, there is no valid reason why Mr. Leaphart did not withdraw the action as early as April

after counsel for Wachovia brought the defects in subject matter jurisdiction to Mr. Leaphart's

attention.  Parties should not forced to file motions to dismiss in order to get counsel to do the right thing.  Certainly, after having been informed early on of the defects in jurisdiction and having received a copy of Wachovia's sanctions motion, Mr. Leaphart should never have waited until the very end of the 21-day safe harbor to withdraw the case.

Even more regrettable is Mr. Leaphart's failure to speak directly with Wachovia's counsel about the problems he had raised with Plaintiff's complaint.  Had Mr. Leaphart accorded Wachovia's counsel the courtesy of a phone call and followed through on a representation regarding the date on which he would  withdraw the action, the Court has no doubt that Wachovia's counsel would have relied on Mr. Leaphart's representation and would have found it unnecessary to seek sanctions.  Simple courtesy and respect in promptly responding to phone calls and requests from one's adversary go a long  way to avoiding  problems.  The Bar of the State of Connecticut rightly prides itself on courtesy and civility among its lawyers, and the Court expects nothing less of all counsel who appear before it.

For whatever reason, Mr. Leaphart did not choose that course of action.  Nevertheless, despite Mr. Leaphart's lack of courtesy, the Court believes that it cannot and should not ignore his efforts, albeit unavailing, to withdraw the offending pleading within the time period provided by Rule 11(c)(1)(A).  *See Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, ___ F.3d ____, No. 04-5713-CV, 2005 WL 2065132 (2d Cir. Aug. 29, 2005) (district courts have inherent power to excuse failures to comply with filing rules for purposes of determining when a motion is made).  While Mr. Leaphart's otherwise-timely efforts were rebuffed on two occasions by the Clerk's Office for failures on his part, there is no indication in the record that these filing errors were purposeful or a part of any effort to harass Wachovia or multiply the proceedings.

5

Instead, they appear to have been innocent clerical errors that were corrected, though in an regrettably lackadaisical manner.   Moreover, at a bare minimum, Mr. Leaphart's repeated attempts to withdraw the action put Wachovia on notice that neither a sanctions motion nor further briefing on the motion to dismiss would likely be necessary.   And that, after all, is the goal of the safe harbor provision.

Therefore, while the Court believes that it could sanction Mr. Leaphart consistent with the requirements of Rule 11, in these circumstances, the Court concludes that the better course is to exercise its discretion not to impose sanctions, in the hope and expectation that Mr. Leaphart will be sufficiently chastened by the experience that he will not repeat such conduct in future cases before the Court.

IT IS SO ORDERED,

/s/        Mark R. Kravitz_____
United States district Judge

Dated at New Haven, Connecticut: **August 31, 2005**